IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| THYSSENKRUPP INDUSTRIAL ) | _____ |
| SOLUTIONS (USA), INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff JOHN CARR hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") on the grounds stated below.

### *Jurisdiction and Venue*

1. This Court has original subject-matter jurisdiction (a) under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and (b) pursuant to 29 U.S.C. § 216(b) because this is an action to recover the liability prescribed by 29 U.S.C. § 215(a)(3).

2. Under 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Northern District of Georgia, Atlanta Division.

## *The Parties*

3. Plaintiff JOHN CARR ("PLAINTIFF") is a citizen of the state of Georgia and the United States and resides in the Northern District of Georgia.

4. Defendant THYSSENKRUPP INDUSTRIAL SOLUTIONS (USA), INC. ("DEFENDANT") is a Wisconsin corporation doing business in the Northern District of Georgia.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served by delivering a copy of the summons and complaint to its registered agent for service: Corporation Service Company, 40 Technology Parkway South #300, Norcross, GA 30092.

## *Grounds for this Action*

7. Plaintiff JOHN CARR is a former employee of DEFENDANT.

8. On or about early April 2018, while an employee, PLAINTIFF made complaint to a DEFENDANT manager that DEFENDANT was violating the FLSA by not paying the proper overtime compensation.

9. On or about April 19, 2018, DEFENDANT fired PLAINTIFF because of PLAINTIFF's complaint about DEFENDANT's violation of the FLSA's overtime requirement.

## *CLAIMS AGAINST THE DEFENDANT*

### Count 1
### *29 U.S.C. § 215(a)(3)*
### (FLSA Retaliation)

10. Paragraphs 1-9 above are re-alleged and incorporated by reference as if fully set forth herein.

11. By engaging in conduct described above in Paragraphs 7-9, DEFENDANT unlawfully discriminated against PLAINTIFF in violation of the FLSA by firing PLAINTIFF in retaliation for PLAINTIFF complaining about DEFENDANT's failure to pay overtime compensation as required by the FLSA.

12. As a result of DEFENDANT's unlawful actions, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, incurring pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

13. PLAINTIFF seeks compensatory, liquidated, and nominal damages, pre- and post-judgment interest, and reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, all pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff JOHN CARR respectfully prays that this Court enter judgment in PLAINTIFF's favor and against DEFENDANT for:

A.  All damages suffered by PLAINTIFF, as authorized for violations of 29 U.S.C. § 215(a)(3), because of DEFENDANT's unlawful retaliation in violation of the FLSA.

B.  All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1)  the time spent plus costs reasonably incurred throughout this action relating to PLAINTIFF's claim arising under the FLSA;

(2)  the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to PLAINTIFF's claim arising under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)  the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-

58, pursuant to and as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982); and

(4) the time spent explaining to PLAINTIFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

C. Pre-judgment and post-judgment interest on all amounts awarded in this action, pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

D. All such other and further relief that is deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**s/ *Marc Garber*** 
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

*Attorneys for the Plaintiff*